UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, | : | |
| United States Department of Labor, | | **COMPLAINT** |
| | : | |
| | | |
| Plaintiff, | : | Civil Action No. |
| v. | | |
| | : | |
| PAUL DILL ASSOCIATES INC., D/B/A BI COUNTY | | |
| AUTO BODY; PAUL DILL, SR., Individually; and | : | |
| PAUL DILL, JR.,  Individually, | | |
| | : | |
| | | |
| Defendants. | : | |

----------------------------------------------------------------

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

As set forth below, Defendants have engaged in an unlawful scheme to deny their employees proper overtime wages and conceal their failure to pay overtime compensation. Defendants' employees have consistently worked in excess of 40 hours per week doing auto body repair work and office work.  Defendants have paid their employees at their regular straight-time hourly rates for all hours worked, without paying them overtime premium compensation.  Moreover, Defendants have falsified payroll records in an attempt to cover up the violations.

## JURISDICTION AND VENUE

1.      Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS
### The Parties

3.      Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.      Defendant PAUL DILL ASSOCIATES INC. d/b/a BI COUNTY AUTO BODY is a corporation organized under the laws of the State of New York having its principal place of business at 400 E. Jericho Turnpike, Smithtown, New York, 11787, within the jurisdiction of this court, where it is engaged in the business of operating an auto repair shop.

5.      The defendant business referenced in paragraph 4 above (the "corporate defendant") has regulated the employment of all persons employed by them, acted directly and indirectly in the company's interest in relation to the employees, and thus are employers of the employees within the meaning of Section 3(d) of the Act.

6.      Defendant PAUL DILL, SR. is, upon information and belief, the President and an owner of defendant PAUL DILL ASSOCIATES INC. d/b/a BI COUNTY AUTO BODY, and is in active control and management of the corporate defendant.  Defendant PAUL DILL, SR. has authority to and does hire, fire, supervise, set the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of the corporate defendant in relation to

2

employees.  He is thus an employer of the employees within the meaning of Section 3(d) of the Act.  Defendant PAUL DILL, SR. resides in Suffolk County, New York, within the jurisdiction of this Court.

7.     Defendant PAUL DILL, JR. is, upon information and belief, an owner and manager of defendant PAUL DILL ASSOCIATES INC. d/b/a BI COUNTY AUTO BODY, and is in active control and management of the corporate defendant.  Defendant PAUL DILL, JR. has authority to and does hire, fire, supervise, set the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of the corporate defendant in relation to employees.  He is thus an employer of the employees within the meaning of Section 3(d) of the Act.  Defendant PAUL DILL, JR. resides in Suffolk County, New York, within the jurisdiction of this Court.

## Defendants Are Engaged in Commerce

8.     Defendants are engaged in the auto repair business.  Defendants' employees repair vehicles through such activities as detailing, glass replacement, and collision repairs.

9.     The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

10.     Defendants have employed employees listed in Exhibit A in and about their place of business in activities that affect commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include but are not limited to paint, detailing tools and auto body repair tools. Defendants have had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.  Therefore, the employees are

employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## Defendants' Pay and Recordkeeping Practices

11.     At all relevant times, Defendants have employed auto body shop workers and office workers.

12.     At all relevant times, Defendants' employees have typically worked Monday through Friday, starting work each day between 7:00 a.m. and 8:00 a.m, and finishing work between 5:00 p.m. and 7:00 p.m.  Employees have frequently worked an additional four to six hours on Saturdays.  As a result of the foregoing schedule, Defendants' employees have typically worked in excess of 40 hours per week, with workweeks typically ranging from 42 to 60 hours, and sometimes more.

13.     At all relevant times, Defendants paid employees off the books in cash at their regular straight-time hourly rates for all hours worked in excess of 40 hours in a week.

14.     At all relevant times, Defendants did not pay employees one and one-half times their regular rate of pay for their hours worked in excess of 40 hours in a week.

15.     At all relevant times, Defendants' automatically deducted one hour per day from employees' paid work hours for a supposed lunch break, even though employees often were unable to take a full hour of uninterrupted break time.  Employees often took a lunch break of only 30 minutes.

16.     At all relevant times, Defendants kept false payroll records that generally reflected only up to 40 hours worked by employees each week, and reflected pay for only the first 40 hours worked each week.  The payroll records generally did not include employees'

hours worked in excess of 40 in a week, and did not include the cash payments that employees received for those hours.

17.    At all relevant times, Defendants' maintained time records showing employees' complete daily and weekly hours worked, and also listing the cash amounts paid to employees for their hours worked in excess of 40 in a week.

### FIRST CAUSE OF ACTION
**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

18.    The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 17 of the Complaint.

19.    Defendants in many workweeks willfully have violated the provisions of sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

20.    As set forth above, many of Defendants' employees regularly worked in excess of 40 hours each workweek.  Defendants compensated employees in cash at their regular straight-time hourly rates for hours worked in excess of 40 hours each week.  Defendants did not pay any additional premiums of one and one-half times employees' regular rates for hours worked by employees in excess of 40 in a workweek.

21.    Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

22.     As described herein, Defendants' actions have been willful.   For example, Defendants attempted to simulate compliant payroll records by recording only up to 40 hours worked by employees in a workweek, suggesting that employees did not work overtime hours. However, Defendants' separate time records reflect employees' complete weekly hours worked, including the hours worked in excess of 40, and the cash paid to employees for their hours in excess of 40.  Defendants have maintained this practice, and willfully violated the Act since at least July 2014.

23.     Moreover, this is not the first time that Defendants have been investigated by the Secretary and found in violation of the FLSA.  In 2008, the Secretary investigated this business and found similar overtime compensation and recordkeeping violations, and a representative of the Secretary informed the individual Defendants of the relevant requirements of the Act.

## SECOND CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA

24.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 23 of the Complaint.

25.     Defendants willfully have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make and keep adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516; more specifically, Defendants falsified their payroll records to reflect that employees did not work in excess of 40 hours per week, contrary to Defendants' separate time records showing that employees did regularly work in excess of 40 hours per week; Defendants' payroll records were also false in that they did not reflect the cash payments that employees received for their overtime hours.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1.      An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

2.      An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Amended Exhibit A and an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or

3.      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4.      An order compelling Defendants to reimburse the Secretary for the costs of this action;

5.      An order granting such other relief as the Court may deem necessary or

appropriate.

DATED:        July 21, 2017
              New York, New York


                                    s/ Nicholas C. Geale
                                    NICHOLAS C. GEALE
                                    Acting Solicitor of Labor


                                    s/ Jeffrey S. Rogoff
                                    JEFFREY S. ROGOFF
                                    Regional Solicitor



                                    s/ Daniel Hennefeld
                                    DANIEL HENNEFELD
                                    Senior Trial Attorney

                                    U.S. Department of Labor,
                                    *Attorneys for Plaintiff Secretary of Labor*

                                    U.S. Department of Labor
                                    Office of the Regional Solicitor
                                    201 Varick Street, Room 983
                                    New York, NY 10014
                                    (646) 264-3688
                                    (646) 264-3660 (fax)
                                    Hennefeld.Daniel@dol.gov
                                    NY-SOL-ECF@dol.gov
                                    Secretary of Labor, Plaintiff

**EXHIBIT A**

Samuel Adams
Jose E. Alvarado
Faustino Avias
Anthony M. Baggiano
Yvette Beyer
Ryan V. Bratter
Anthony Caligiuri
Nelson Campos
Manuel J. Chacaltana
Victor Colon
Edgar V. Cruz
Luis Delgado
Robert L. Dimone
Jorge Doe
Orlando Doe
Oscar Doe
Tom Doe
Valentin Doe
Anthony Eleazer
Wagner K. Ferreira
Joseph A. Fischetti
Eryn L. Fisher
Pedro P. Garcia
Edgar P. Gomez
Enrique Gonzalez
Santos I. Hernandez
Valentin H. Hernandez
Susan A. Kloppenberg
Gustavo Larrea
Juan Linares
Aaron Lopez
Ricardo L. Lu
Joel M. Martin
Jonathan P. Martinez
Edgar M. Matute
Raul A. Medina
Julio Moncayo
Adrian Ocasio
Fred Olivares
Marco V. Once
Segundo Ortega
Junyor Ramirez
Antonio Rios
Marlon A Rivera

John E. Roman
Warren Rosa
Ramon E. Ruiz
Thomas C. Taffner
Saul E. Urgiles
Louis M. Wolff