UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
R. ALEXANDER ACOSTA, Secretary of Labor, :
United States Department of Labor,
                                                        : Civil Action No. 2:17-cv-04324-JS-
                  Plaintiff,         : SIL
        v.                                           :

                                                      ORDER

PAUL DILL ASSOCIATES, INC., D/B/A BI
COUNTY AUTO BODY; PAUL JOSEPH DILL :
Individually; and PAUL JEREMY    DILL,
Individually,                                 : **CONSENT JUDGMENT**

                  Defendants.         :

------------------------------------------------------------

       Plaintiff, R. Alexander Acosta, Secretary of Labor ("Secretary"), has filed his Complaint and Defendants PAUL DILL ASSOCIATES, INC., D/B/A BI COUNTY AUTO BODY; PAULL JOSEPH DILL, INDIVIDUALLY AND PAUL JEREMY DILL, INDIVIDUALLY (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment in full settlement of the claims which have been made or asserted in this action. Defendants acknowledge their responsibilities pursuant to this Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment.

       1.     The Secretary alleged in his complaint that Defendants willfully violated the provision of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA") by failing to pay their employees overtime wages; and failing to make, keep and preserve adequate and accurate records.

2. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

3. Defendants admit that they failed to keep one set of complete and accurate wage hour records for some employees from at least July 2014 through April 2016 (the "relevant time period").

4. Defendants admit that they failed to pay overtime at one and one-half the regular hourly rate for all hours exceeding forty when their employees worked over forty hours in a workweek during the relevant time period.

5. Defendants admit that during the relevant time period, they paid their non-exempt administrative staff and managers at an hourly rate without regard to whether employees worked in excess of forty hours in a workweek.

6. It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act in any of the following manners:

    A. Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

B. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, such records of employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516. The records shall include an aggregate of total hours worked for each employee if hours are split between payrolls.

C. Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee, including soliciting the repayment of compensation paid to an employee pursuant to this Judgment, because the employee engages in or is believed to have engaged in any of the following activities:

> (1) Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;
>
> (2) Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

(3) Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

7. ORDERED that Defendants are enjoined and restrained from withholding the payment of a total of $185,000 in overtime compensation owed plus post-judgment interest due to the current and former employees in the amounts listed on Exhibit A.

8. ORDERED that Defendants shall pay $185,000 in liquidated damages due to the current and former employees in the amounts listed in Exhibit A.

9. ORDERED that Defendants shall pay civil money penalties in the amount of $30,000 plus post judgment interest of $503.01 for a total amount of $401,141.14 in back wages, liquidated damages, interest and civil money penalties.

10. To accomplish the requirements of paragraphs 7 through 9 Defendants shall pay $185,000 for liquidated damages and $15,000 for back wages within thirty (30) days of the entry of this Judgment. The remaining balance of $201,141.14 ($170,000 for back wages, $30,000 for civil money penalties plus $1,141.14 post judgment interest) shall be paid in accordance with the schedule set forth in Exhibit B.

11. Payment shall be made either electronically on the website www.pay.gov, or by cashier or certified check.

　　A. For electronic payments of back wages and liquidated damages, follow the instructions in paragraphs A1 through A3 below:

　　　　1. Open the Find an Agency tab and click on L and then Labor (DOL) Wage and Hour Division (WHD).

2.  Open the "Continue to Form" tab under WHD Back Wage Payment Form - Northeast Region

3.  Select Continue to Form and complete the required fields.

    a. Include the Case No. 1782509

    b. The Date of Assessment is the date of the Order

B.  For electronic payments of civil money penalties (CMPs)

1.  Open the Find an Agency tab and click on L and then Labor (DOL) Wage and Hour Division (WHD).

2.  Open the "Continue to Form" tab under WHD Civil Money Penalty Payment Form - Northeast Region

3.  Select Continue to Form and complete the required fields.

    a. Include the Case No. 1782509

b.  The Date of Assessment is the date of the Order

C.  In the alternative, cashier or certified checks should be made payable to "Wage and Hour Division – Labor." Defendants shall write "Back Wages, LD's or CMPs, FLSA Case No. "1782509" on each check depending upon the payment type shown in Exhibit B.

Deliver payment using a method with tracking information to:

United States Department of Labor – Wage & Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317
Attn: Linda Estacio

Mail a copy of the payment and cover letter to:

William Dempsey, Assistant District Director

U.S. Department of Labor, Wage and Hour Division
Long Island District Office
1400 Old Country Rd., Suite 410
Westbury, NY 11590

12. The Secretary shall distribute Defendants' payment less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

13. Defendants shall provide to the Secretary the social security number, if such is available, and the last known telephone and mailing addresses of each former or current employee listed in Exhibit A within 20 days of the execution of this Judgment.

14. ORDERED that neither Defendants nor any one on acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment.

15. If Defendants fail to make payment on Exhibit B, a seven-day grace period shall be allowed for receipt of such payment. In the event that the U.S. Department of Labor does not receive the payment by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify Defendants through their attorney, John Ruggiero, by email at JRuggiero@CMR-LLP.com.

16. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorney. If the U.S. Department of Labor does not receive payment within ten days of notifying Defendants' attorney of the overdue payment, then, upon notice to Defendants, the Court will appoint a Receiver and post-judgment

interest will be applied to the amount past due. No action or non-action by the Secretary shall constitute a waiver of this paragraph.

17. In the event a Receiver is appointed, it is ORDERED that:

A. Defendants shall produce to the court-appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the Defendants shall submit to an accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides.

B. All the expenses of the accountant or Receiver shall be borne solely by Defendants.

C. The Receiver shall serve until the payment of the monetary terms of this Judgment is satisfied.

D. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under their judgment.

18. Neither the commencement of this action nor the provisions of this Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against Defendant under section 16(b) of the Act or likewise for any current or former

employee listed on Exhibit A of this Judgment to file any action against the Defendants under section 16(b) of the Act for any violations alleged to have occurred after April 2016.

19.    Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

The Clerk of the Court is directed to Mark the case CLOSED.

SO ORDERED.

DATED: August 7, 2018
Central Islip, New York

/s/ JOANNA SEYBERT
HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

_____
PAUL JOSEPH DILL, Individually

PAUL DILL ASSOCIATES, INC., D/B/A BI COUNTY AUTO BODY

BY: PAUL JOSEPH DILL, Owner

_____
PAUL JEREMY DILL, Individually

John P. Ruggiero, Esq.
Canfield, Madden & Ruggiero, LLP
1461 Franklin Avenue
Garden City, NY 11530
(516) 294-4180

## EXHIBIT A

Bi County Auto Body Inc. d/b/a Bi County Auto Body
Case ID 1782509

| First Name | Last Name | BWs Due | Liquidated Damages | Interest | Total Due |
|---|---|---|---|---|---|
| Joseph | Fischetti | $5,972.53 | $5,972.53 | $20.59 | $11,965.65 |
| Samuel | Adams | $589.70 | $589.70 | $2.04 | $1,181.44 |
| Jose E. | Alvarado | $1,066.06 | $1,066.06 | $3.67 | $2,135.79 |
| Faustino | Avias | $4,179.86 | $4,179.86 | $14.40 | $8,374.12 |
| Anthony M. | Baggiano | $626.01 | $626.01 | $2.16 | $1,254.18 |
| Yvette | Beyer | $420.20 | $420.20 | $1.44 | $841.84 |
| Ryan V. | Bratter | $1,023.62 | $1,023.62 | $3.53 | $2,050.77 |
| Anthony | Caligiuri | $1,020.34 | $1,020.34 | $3.52 | $2,044.20 |
| Nelson | Campos | $9,957.96 | $9,957.96 | $34.36 | $19,950.28 |
| Manuel J. | Chacaltana | $5,335.50 | $5,335.50 | $18.42 | $10,689.42 |
| Victor | Colon | $5,092.46 | $5,092.46 | $17.57 | $10,202.49 |
| Edgar V. | Cruz | $7,164.35 | $7,164.35 | $24.72 | $14,353.42 |
| Luis | Delgado | $15,254.07 | $15,254.07 | $52.62 | $30,560.76 |
| Robert L. | Dimone | $3,907.75 | $3,907.75 | $13.48 | $7,828.98 |
| Jorge | Doe | $222.49 | $222.49 | $0.77 | $445.75 |
| Orlando | Doe | $10,126.87 | $10,126.87 | $34.91 | $20,288.65 |
| Oscar | Doe | $5,635.39 | $5,635.39 | $19.44 | $11,290.22 |
| Tom | Doe | $1,286.74 | $1,286.74 | $4.44 | $2,577.92 |
| Valentin | Doe | $4,851.35 | $4,851.35 | $16.74 | $9,719.44 |
| Anthony | Eleazer | $836.55 | $836.55 | $2.88 | $1,675.98 |
| Wagner K | Ferreira | $13,190.72 | $13,190.72 | $45.50 | $26,426.94 |
| Eryn L | Fisher | $1,025.62 | $1,025.62 | $3.55 | $2,054.79 |
| Pedro P. | Garcia | $2,500.40 | $2,500.40 | $8.63 | $5,009.43 |
| Edgar P. | Gomez | $3,481.32 | $3,481.32 | $12.01 | $6,974.65 |
| Enrique | Gonzalez | $460.48 | $460.48 | $1.58 | $922.54 |
| Santos I. | Hernandez | $872.31 | $872.31 | $3.00 | $1,747.62 |
| Susan A | Kloppenberg | $737.41 | $737.41 | $2.52 | $1,477.34 |
| Gustavo | Larrea | $5,469.13 | $5,469.13 | $18.87 | $10,957.13 |
| Juan | Linares | $138.07 | $138.07 | $0.48 | $276.62 |

**EXHIBIT A (page 1 of 2)**

# EXHIBIT A

Bi County Auto Body Inc. d/b/a Bi County Auto Body
Case ID 1782509

| First Name | Last Name | BWs Due | Liquidated Damages | Interest | Total Due |
|---|---|---|---|---|---|
| Aaron | Lopez | $3,513.16 | $3,513.16 | $12.11 | $7,038.43 |
| Ricardo L. | Lu | $8,273.94 | $8,273.94 | $28.54 | $16,576.42 |
| Joel M | Martin | $5,880.29 | $5,880.29 | $20.28 | $11,780.86 |
| Jonathan P | Martinez | $3,286.44 | $3,286.44 | $11.34 | $6,584.22 |
| Edgar M. | Matute | $6,794.02 | $6,794.02 | $23.44 | $13,611.48 |
| Raul A | Medina | $147.12 | $147.12 | $0.50 | $294.74 |
| Julio | Moncayo | $2,601.43 | $2,601.43 | $8.98 | $5,211.84 |
| Adrian | Ocasio | $5,640.66 | $5,640.66 | $19.44 | $11,300.76 |
| Fred | Olivares | $6,267.49 | $6,267.49 | $21.60 | $12,556.58 |
| Marco V | Once | $1,595.92 | $1,595.92 | $5.50 | $3,197.34 |
| Segundo | Ortega | $1,558.42 | $1,558.42 | $5.38 | $3,122.22 |
| Junyor | Ramirez | $117.36 | $117.36 | $0.41 | $235.13 |
| Antonio | Rios | $10,381.05 | $10,381.05 | $35.81 | $20,797.91 |
| Marlon A | Rivera | $481.99 | $481.99 | $1.66 | $965.64 |
| John E. | Roman | $3,743.70 | $3,743.70 | $12.92 | $7,500.32 |
| Warren | Rosa | $242.49 | $242.49 | $0.84 | $485.82 |
| Ramon E. | Ruiz | $3,972.37 | $3,972.37 | $13.68 | $7,958.42 |
| Thomas | Tafner | $6,588.73 | $6,588.73 | $22.74 | $13,200.20 |
| Saul E. | Urgiles | $1,293.53 | $1,293.53 | $4.46 | $2,591.52 |
| Louis M. | Wolff | $174.63 | $174.63 | $0.66 | $349.92 |
| | **Total:** | **$185,000.00** | **$185,000.00** | **$638.13** | **$370,638.13** |

EXHIBIT A (page 2 of 2)

# EXHIBIT B

*Bi County Auto Body Inc. d/b/a Bi County Auto Body*
*Case ID 1782509*

| Payment No. | Date Due | Payment Type | Principal Amount | Post-Judgment Interest | Total Payment Due |
|---|---|---|---|---|---|
| Down payment | Within 30 days of entry of Consent Judgment | Liquidated Damages | $185,000.00 | $0.00 | $200,000.00 |
|  |  | Back Wages | $15,000.00 |  |  |
| 1 | 08/01/2018 | Back Wages | $21,188.09 | $141.67 | $21,329.76 |
| 2 | 09/01/2018 | Back Wages | $21,205.75 | $124.01 | $21,329.76 |
| 3 | 10/01/2018 | Back Wages | $21,223.42 | $106.34 | $21,329.76 |
| 4 | 11/01/2018 | Back Wages | $21,241.11 | $88.65 | $21,329.76 |
| 5 | 12/01/2018 | Back Wages | $21,258.81 | $70.95 | $21,329.76 |
| 6 | 01/01/2019 | Back Wages | $21,276.52 | $53.24 | $21,329.76 |
| 7 | 02/01/2019 | Back Wages | $21,294.25 | $35.51 | $21,329.76 |
| 8 | 03/01/2019 | Back Wages | $21,312.05 | $17.76 | $21,329.81 |
| 9 | 04/01/2019 | Civil Monetary Penalty | $30,000.00 | $503.01 | $30,503.01 |
| **Total:** |  |  | **$400,000.00** | **$1,141.14** | **$401,141.14** |